RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5-11-06
BY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

ANTHONY A. KELLOGG

CRIMINAL NO. 03-50054-01
JUDGE TOM STAGG

## MEMORANDUM RULING*

Before the court is a motion filed by Anthony A. Kellogg ("Kellogg"), requesting this court to order that his federal sentence run concurrently with his state court sentences and to give him credit for time served. See Record Documents 1 and 3 in Civil Action No. 04-2618 and Record Documents 71 and 91 in Criminal No. 03-50054-01. Based on the following, Kellogg's motions are **DENIED**.

## I. BACKGROUND

### A. Factual Background.

Kellogg has two prior state court convictions, one from November of 2001 in Caddo Parish, Louisiana, wherein he received a suspended sentence of five years at hard labor, and one from February of 2003 in Bossier Parish, Louisiana, wherein he again received a suspended sentence of five years at hard labor. On February 26,

---

*This opinion is not intended for commercial print or electronic publication.

2003, Shreveport police officers stopped a vehicle driven by Kellogg, and discovered three ounces of "ice" and approximately 100 "Ecstasy" pills in the car.

**B. Procedural History.**

On May 29, 2003, a federal grand jury returned a two count indictment against Kellogg and a co-defendant. Count one charged them with conspiracy to distribute fifty grams or more of methamphetamine and 500 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Document 1. Count two charged them with possession with intent to distribute five grams or more of methamphetamine or fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine. See id. An arrest warrant issued, but Kellogg was in state custody because his February 26, 2003 arrest violated the probations from his two previous state offenses.

Kellogg entered into a plea agreement with the federal government, and pursuant to that agreement pled guilty on August 29, 2003. See Record Documents 30-33. On June 10, 2004, Kellogg was sentenced by this court to the mandatory minimum of 120 months imprisonment. See Record Document 53.

On August 16, 2004, Kellogg's state probation from his Bossier Parish offense was revoked and he was sentenced to his original sentence of five years at hard

labor. The state court ordered that the state sentence run concurrently with his federal sentence. On August 17, 2004, Kellogg's state probation from his Caddo Parish offense was revoked and he was sentenced to his original sentence of five years of hard labor to be served concurrently with his other state sentence and with his federal sentence. According to Kellogg, he was discharged on both state sentences on August 26, 2005, and was taken into federal custody on that date to begin serving his federal sentence.

Kellogg appealed his federal sentence to the Fifth Circuit Court of Appeals and his counsel filed an <u>Anders</u> brief. In December of 2004, Kellogg, using the form provided to prisoners in this district, filed a <u>pro se</u> motion pursuant to 28 U.S.C. § 2241, complaining about his sentence. He then supplemented this filing, alleging, among other things, that jurisdiction of his claims was "vested under 28 U.S.C. § 2255." Thereafter, Magistrate Judge James D. Kirk issued an order stating that "it appears that petitioner's claims should be construed as arising under 28 U.S.C. § 2255." Record Document 71-3. Kellogg's counsel then sought leave to file a supplemental motion on Kellogg's behalf, clarifying Kellogg's original arguments.

## II. LAW AND ANALYSIS

A. **Concurrent Versus Consecutive Sentences.**

Kellogg requests that this court "amend and correct the judgment of sentence and order that the [f]ederal sentence of 120 months" run concurrent with his state court sentences, and that he be given credit for time served against his federal sentence from the date of his arrest. In the alternative, he requests this court "amend and correct" the judgment and "recommend" to the Bureau of Prisons that the federal sentence run concurrent with his state court sentences, and that he be given credit for time served in state custody.

As mentioned previously, Kellogg originally filed a motion pursuant to 28 U.S.C. § 2241. In a supplemental filing, he referenced 28 U.S.C. § 2255 as his basis for jurisdiction. This reference, in addition to the relief he requested, led Magistrate Judge Kirk to conclude that the motion should be treated as one filed pursuant to section 2255. Research has revealed that the Fifth Circuit and district courts throughout the circuit have addressed the issue currently before this court through filings under either statute. However, regardless of how Kellogg's motion is construed, no constitutional error has been committed.

Kellogg's request that this court order his federal sentence to run concurrently with his state court sentences implicates 18 U.S.C. § 3584(a), which provides, in pertinent part:

> Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). The statute has two functions. First, it grants federal sentencing courts the discretion to impose concurrent or consecutive sentences except in specified circumstances. Second, it creates a presumption regarding whether multiple terms of imprisonment run concurrently or consecutively when the sentencing court is silent on the matter. The Fifth Circuit has interpreted section 3584(a) as granting the district court the discretion to order a federal term of imprisonment to run concurrently with an anticipated but yet to be imposed state sentence. See United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000).

In this case, this court expressed no position on whether Kellogg's 120 month federal sentence would run concurrently with or consecutively to any anticipated,

but not yet imposed, state sentence. Such silence invokes the presumption that the federal sentence would run consecutive to any term of imprisonment imposed at a different time. See 18 U.S.C. § 3584(a); Hernandez, 234 F.3d at 256-57. When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively *unless* the court specifically orders that they run concurrently. See Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). The failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the imposition of consecutive sentences. See Hernandez, 234 F.3d at 256-57; United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991).

Because this court did not specify that Kellogg's federal sentence would run concurrently with any later imposed state sentence, the federal sentence runs consecutively to his state sentences. Kellogg has not shown that such consecutive sentences violate the United States Constitution or federal law. The constitution affords no right to have state and federal sentences run concurrently. See United States v. Dovalina, 711 F.2d 737, 739 (5th Cir. 1983). Similarly, there is no federal statute that provides a prisoner a right to concurrent sentences. In the absence of a violation of the United States Constitution or federal law, the fact that the Bureau of Prisons considers Kellogg's federal sentence to run consecutive to the

state sentences entitles Kellogg to no relief. The Bureau's decision is consistent with well-settled federal law regarding consecutive sentences when the federal judgment is silent on the matter. Furthermore, the orders by the state courts that Kellogg's state sentences should run concurrently with the previously imposed federal sentence are not binding upon the Bureau of Prisons. See Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003); Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999) ("[A] determination as to concurrence of sentence made by one sovereign does not bind the other."). Simply stated, the state judgments imposing consecutive sentences do not bind federal authorities.

**B.     Sentence Credit.**

Kellogg also claims that the Bureau of Prisons has wrongly denied him credit for time served by failing to deduct the time from his federal sentence. This claim implicates 18 U.S.C. § 3585, the federal statute that governs the calculation of a federal term of imprisonment. Section 3858(b) specifically excludes from the calculation time that has been "credited against another sentence." In this case, it appears that the state court credited Kellogg with the days that he now wants credited to his federal sentence. Thus, this claim is without merit.

7

## III. CONCLUSION

Kellogg's claims fail to pass muster. Thus, his requests must be **DENIED**. See Record Documents 71 and 91.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of May, 2006.

_____
JUDGE TOM STAGG